OTT, Judge.
Appellee was charged with possession of a felony amount of marijuana and paraphernalia. The trial court granted appel-lee’s motion to suppress evidence which officers observed in plain view while executing a warrant for appellee’s arrest. We reverse.
Law enforcement officers lawfully and properly entered appellee’s bedroom for the purpose of executing a warrant for his arrest. Upon entering the room, two officers immediately — albeit independently of each other — observed an open box protruding from under a bed on which appellee was sleeping. Both officers clearly identified a quantity of marijuana seeds in the box. These facts are not disputed. Testimony presented at the suppression hearing is conflicting as to the exact sequence of events that thereafter followed. The trial court found that appellee was taken from the bedroom to the living room and thereafter the box containing the marijuana seeds was removed from the bedroom. We accept, as we must, this finding of fact. It *765 was then discovered that the box also contained drug paraphernalia. Based on the testimony which supports the trial court’s finding and which he obviously believed, a three-to-six-minute delay occurred between defendant being removed from the bedroom and the box being brought out by an officer or officers who remained in the bedroom after appellee was removed to the living room.
The trial court granted appellee’s motion to suppress, reasoning that once appellee was removed from the bedroom the officers no longer had a right to seize the contraband.
Appellee has not challenged the officers’ right to enter the bedroom. When an officer legally enters a constitutionally protected area and observes contraband in plain view, he may constitutionally seize it without first obtaining a warrant. Ensor v. State, 403 So.2d 349 (Fla.1981). Neither the delay of a few minutes between observance of the contraband and actual seizure nor the physical removal of appellee from the room negated the right of the officers to seize the contraband observed in plain view. Cf. State v. Johnson,. 403 So.2d 1095 (Fla. 4th DCA 1981).
Accordingly, it was error for the trial court to grant appellee’s motion to suppress.
REVERSED and REMANDED.
GRIMES, A.C.J., and LEHAN, J., concur.